IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREEM YOUNG, #222970, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-1101-MHT |
| | ) [WO] |
| | ) |
| MARK BRUTON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Kareem Young ["Young"], a state inmate, in which he challenges the calculation of his release date. Young did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. In support of this request, Young provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Young and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Young owed an initial partial filing fee of $21.23. *Order of October 28, 2014 - Doc. No. 3* at 1-2. The court therefore ordered that Young pay the initial partial filing fee on or before November 12, 2014. *Id*. at 2. In addition, this order specifically informed Young "**that it**

**is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Young] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Young that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Young has failed to pay the initial partial filing fee within the time allowed by this court. In addition, Young did not advise the court of the need for an extension to pay the partial filing fee as directed by the aforementioned order nor did he provide any reason for his failure to pay this fee. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee

in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court. It is further

ORDERED that **on or before January 26, 2015**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of January, 2015.

                            /s/Charles S. Coody
                            CHARLES S. COODY
                            UNITED STATES MAGISTRATE JUDGE